**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| GENERAL ACCESS SOLUTIONS, LTD., | |
| Plaintiff, | |
| v. | C.A. No. 2:23-158-JRG |
| T-MOBILE USA, INC., | JURY TRIAL DEMANDED |
| Defendant, | ▉▉▉▉▉▉▉▉ |
| ERICSSON INC., | |
| Intervenor-Defendant, | |
| NOKIA OF AMERICA CORP., | |
| Intervenor-Defendant. | |

**PLAINTIFF'S MOTION TO STRIKE PORTIONS OF**
**MS. MELISSA BENNIS'S EXPERT REPORT**

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................1

ARGUMENT ...............................................................................................................................1

    I.      The Court Should Strike Ms. Bennis's Opinions Repeating Ms. Dwyer's
           Patent Counting ...........................................................................................................1

    II.     The Court Should Strike Ms. Bennis's Opinions Regarding IPR Proceedings .............5

CONCLUSION .............................................................................................................................5

## TABLE OF AUTHORITIES

**Cases**

*Barkan Wireless IP Holdings L.P., v. T-Mobile US, Inc.,*
  No. 2:21-cv-34-JRG-RSP (E.D. Tex. Dec. 16, 2021) ...................................................................4

*Cameco Indus., Inc. v. Louisiana Cane Mfg., Inc.,*
  No. 92-3158, 1995 WL 468234 (E.D. La. July 27, 1995) ...........................................................4

*Ericsson, Inc. v. D-Link Sys., Inc.,*
  773 F.3d 1201 (Fed. Cir. 2014)...................................................................................................3

*General Access Solutions, Ltd. v. Verizon Wireless,*
  2:22-cv-00394-JRG (E.D. Tex. June 3, 2024) .............................................................................5

*Glaros v. H.H. Robertson Co.,*
  797 F.2d 1564 (Fed. Cir. 1986)...................................................................................................4

*KAIST IP US LLC v. Samsung Elecs. Co.,*
  No. 2:16-cv-1314-JRG-RSP (E.D. Tex. May 3, 2018)................................................................4

*Metaswitch Networks Ltd. v. Genband US LLC,*
  No. 2:14-cv-744-JRG-RSP, 2016 WL 874775 (E.D. Tex. Mar. 7, 2016) ...................................3

*Netlist, Inc. v. Micron Tech., Inc.,*
  No. 2:22-CV-203-JRG-RSP, 2024 WL 326591 (E.D. Tex. Jan. 27, 2024) .................................2

*Network-1 Techs., Inc. v. Alcatel-Lucent USA, Inc.,*
  No. 6:11-CV-492-RWS-KNM, 2017 WL 4173467 (E.D. Tex. Sept. 21, 2017) ...........................2

*Personalized Media Commc'ns, LLC v. Apple, Inc.,*
  No. 2:15-cv-01366-JRG-RSP, 2021 WL 662237 (E.D. Tex. Feb. 20, 2021) ..............................3

*Simple Air, Inc. v. Google Inc.,*
  No. 2:11-cv-416-JRG (E.D. Tex. Jan. 8, 2014)...........................................................................4

## INTRODUCTION

Contemporaneous with this motion, General Access filed a motion to strike various irrelevant and unreliable opinions offered by Defendants' expert Ms. Johanna Dwyer. Because Defendants' damages expert Ms. Melissa Bennis relies on certain of those challenged opinions, but does no actual further analysis with them, General Access moves to strike those opinions as well.

## ARGUMENT

### I. The Court Should Strike Ms. Bennis's Opinions Repeating Ms. Dwyer's Patent Counting

Ms. Bennis cites Ms. Dwyer's standard-essential patent search and keyword searches, Ex. 1, Bennis Rebuttal Report at ¶¶ 46-47, 54-55, 63-65, 72-73, 211, 239-240, 290, 292-293. Ms. Bennis's discussion of those patent and word searches should be excluded for the same reasons set forth in the motion to strike certain of Ms. Dwyer's opinions. *See* Dkt. 94, General Access Motion to Strike Portions of Ms. Dwyer's Reports.

Ms. Bennis describes the searches that Ms. Dwyer did and reports the number of patents that Ms. Dwyer found. *Id.* But further exacerbating the problems in Ms. Dwyer's lack of analysis, Ms. Bennis does not offer any real analysis of how the number of patents affects her damages analysis. The paragraphs relaying Ms. Dwyer's searches appear in a background section describing the three asserted patents. *See id.* at ¶¶ 46-47 (technology background), 54-55 ('931 patent), 63-64 ('477 patent), 72-73 ('383 patent). No damages-related analysis is provided here.

Only a handful paragraphs appear in Ms. Bennis's *Georgia-Pacific* analysis. Here too, Ms. Bennis does no more than summarize the results of Ms. Dwyer's searches but does not tie them to her conclusions. *See id.* at ¶ 211 ("████████████████████████████████████████████████████████████████████████████████████████████."); ¶ 239 (Nokia and Ericsson have "declar[ed] thousands of patents to the various standards."); ¶ 240 ("████

1

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████ "); ¶¶ 290, 292-293 (summarizing search results). She declines to

perform any actual analysis about how these patents affect the hypothetical negotiation. She certainly

does not opine that Ms. Dwyer's patent-counting exercise causes any actual, quantitative adjustment

to her proposed reasonable royalty—a number predictably divined from the selection of a

smattering of T-Mobile, Ericsson, and Nokia litigation licenses.

Ms. Bennis's only effort to identify a proper use for Ms. Dwyer's patent-counting exercise is

plainly lacking. Ms. Bennis says that "████████████████████████████████████

██████████████████████████████████████████████████████████

████████████ " that exist. *Id.* at ¶ 239. But in that same sentence, Ms. Bennis acknowledges that

General Access "has not declared that the patents-in-suit are essential to 4G or 5G," making these

opinions irrelevant to the issues here. *See Netlist, Inc. v. Micron Tech., Inc.*, No. 2:22-CV-203-JRG-RSP,

2024 WL 326591, at *3 (E.D. Tex. Jan. 27, 2024) (striking expert opinions about standard essential

patents "as being irrelevant in light of the ruling that the asserted patents are not standard

essential"). And Ms. Bennis never contends, let alone supports with evidence, that the number of

standard-essential patents actually resulted in royalty stacking. *See Network-1 Techs., Inc. v. Alcatel-

Lucent USA, Inc.*, No. 6:11-CV-492-RWS-KNM, 2017 WL 4173467, at *1-2 (E.D. Tex. Sept. 21,

2017) (excluding expert opinions on royalty stacking for failure to "tie royalty stacking to the facts of

*this case*."). What's more, Ms. Bennis does not and cannot—since she is not a technical expert, and

Ms. Dwyer has not done the work for her—actually explain how *any single* patent found by

Ms. Dwyer's word searches relates to the patented inventions asserted here, much less why any one

of those patents would bear on the economic value of the asserted patents.

2

Rather than undertaking any real analysis, Ms. Bennis simply uses the specter of other patents to suggest that the result of the hypothetical negotiation would be affected by these other patents. The unjustified and prejudicial implication Ms. Bennis will invite is that the economic value of these patents should somehow be reduced dramatically (she does not say by how much) because there are other patents that are somehow (no one says how) related to the asserted patents. *See* Ex. 1, Bennis Rebuttal Report at ¶¶ 211, 239-240. But "[t]he mere fact that thousands of patents are declared to be essential to a standard does not mean that a standard-compliant company will necessarily have to pay a royalty to each SEP holder." *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1234 (Fed. Cir. 2014).

Like the expert in *Ericsson*, Ms. Bennis has not "attempted to determine the actual amount of royalties Defendants are currently paying" on licenses related to 4G and 5G base stations. *Id.* Nor has Ms. Bennis done (or relied on) any analysis to determine the scope, comparability, or relative value of any of the patents Ms. Dwyer says are standard essential or relevant based on keyword searches. *See Ericsson*, 773 F.3d at 1232 ("SEPs can, and, often do, claim only limited aspects of the overall standard."); *Personalized Media Commc'ns, LLC v. Apple, Inc.*, No. 2:15-cv-01366-JRG-RSP, 2021 WL 662237, at *7 (E.D. Tex. Feb. 20, 2021) ("However, assuming *arguendo* that each patent of the fifty Apple DRM patents were practiced in the FairPlay functionality at the time of infringement, Mr. Thomas cannot assume that each patent has equal value."); *Metaswitch Networks Ltd. v. Genband US LLC*, No. 2:14-cv-744-JRG-RSP, 2016 WL 874775, at *3 (E.D. Tex. Mar. 7, 2016) (excluding expert who "count[ed] the number of companies that provided intellectual property disclosures to the IETF standard setting organization, and assuming that the value of each participant company's patent portfolio is the same").

Ms. Bennis's opinions that there are thousands of other patents that somehow relate to the asserted patents here is nothing more than a distraction from the real issues in the case and should

be excluded as unreliable, prejudicial, and likely to confuse the issues and waste time. *See Glaros v. H.H. Robertson Co.*, 797 F.2d 1564, 1572-73 (Fed. Cir. 1986) (affirming exclusion of "other patent applications and other patents, all with claims differing in language and scope from" the asserted patent because "[i]ntroduction of that evidence would have injected frolics and detours and would have required introduction of counter-evidence, all likely to create side issues that would have unduly distracted the jury from the main issues."); *KAIST IP US LLC v. Samsung Elecs. Co.*, No. 2:16-cv-1314-JRG-RSP, Dkt. 416 at 2 (E.D. Tex. May 3, 2018) (granting MIL No. 8 to exclude evidence or argument "[t]hat the Accused Instrumentalities practice other patents"); *Simple Air, Inc. v. Google Inc.*, No. 2:11-cv-416-JRG, Dkt. 571 at 5, (Plaintiff's MIL No. 6) (E.D. Tex. Jan. 8, 2014) (granting MIL No. 6 to exclude evidence or argument that the "accused instrumentalities practice the claims of any of [Defendant's] own patents or patents of third parties").

Ms. Bennis's reliance on these other patents is all the more problematic, as she specifically counts the number assigned to Nokia and Ericsson, defendants in this case. *See* Ex. 1, Bennis Rebuttal Report at ¶¶ 63-64, 239-240. Courts regularly exclude such patents—particularly when they are untethered from any actual analysis and irrelevant to the issues in the case—because of their plainly prejudicial effect. *See, e.g.*, *id.*; *Barkan Wireless IP Holdings L.P., v. T-Mobile US, Inc.*, No. 2:21-cv-34-JRG-RSP, Dkt. 227 at 8, (Plaintiff's MIL No. 8) (E.D. Tex. Dec. 16, 2021) (granting in part "Motion to exclude Defendants' patents" by excluding "any argument that ownership of a patent is a defense to infringement"); *Cameco Indus., Inc. v. Louisiana Cane Mfg., Inc.*, No. 92-3158, 1995 WL 468234, at *6 (E.D. La. July 27, 1995) ("admission of [defendant's] patent or patent application . . . is likely to give the jury the false impression that a patent on the accused machine means that it is substantially different from the machine claimed in plaintiff's patent . . . [and] would be only distracting and confusing to the jury, while providing little, if any, relevant information.").

4

**II.    The Court Should Strike Ms. Bennis's Opinions Regarding IPR Proceedings**

The Court should strike portions of Ms. Bennis's report that rely on prosecution history and IPR proceedings, including Ex. 1, Bennis Rebuttal Report at ¶¶ 57, 332. This Court has a standing motion *in limine* prohibiting parties "from introducing evidence, testimony, or argument concerning the Patent Trial and Appeal Board [and] inter partes review." Court MIL No. 6. And in the related *Verizon* case, the Court granted a motion *in limine* to exclude evidence, testimony, or argument related "to the IPR review process and any post-issuance matters" of the '931 Patent. *See General Access Solutions, Ltd. v. Verizon Wireless*, 2:22-cv-00394-JRG, Dkt. 240 at 6 (E.D. Tex. June 3, 2024). T-Mobile should not be permitted to put this same type of evidence before the jury through Ms. Bennis.

**CONCLUSION**

General Access respectfully requests that the Court grant this motion and strike these portions of Ms. Bennis's reports.

Dated: October 28, 2024

Respectfully submitted,

*/s/ Glen E. Summers*

Glen E. Summers (CO Bar No. 30635)
LEAD ATTORNEY
Nosson D. Knobloch (CO Bar No. 42134)
John M. Hughes (CO Bar No.
Giovanni J. Sanchez (CO Bar No. 59696)
Taylor Kelson (CO Bar No. 56910)
**BARTLIT BECK LLP**
1801 Wewatta Street, Suite 1200
Denver, CO 80202
Telephone: (303) 592-3100
glen.summers@bartlitbeck.com
nosson.knobloch@bartlitbeck.com
giovanni.sanchez@bartlitbeck.com
taylor.kelson@bartlitbeck.com

Michael J. Valaik (IL Bar No. 6276086)
Luke C. Beasley (IL Bar No. 6334359)
Meg E. Fasulo (IL Bar No. 6320595)
**BARTLIT BECK LLP**
54 West Hubbard Street, Suite 300
Chicago, IL 60654
Telephone: (312) 494-4400
michael.valaik@bartlitbeck.com
luke.beasley@bartlitbeck.com
meg.fasulo@bartlitbeck.com

Andrea L. Fair (TX Bar No. 24078488)
Charles Everingham IV (TX Bar No. 00787447)
T. John Ward, Jr. (TX Bar No. 00794818)
**MILLER FAIR HENRY PLLC**
1507 Bill Owens Pkwy.
Longview, TX 75604
Telephone: (903) 757-6400
andrea@millerfairhenry.com
ce@millerfairhenry.com
jw@millerfairhenry.com

*Attorneys for Plaintiff General Access Solutions, Ltd.*

6

## CERTIFICATE OF CONFERENCE

The undersigned certifies that the Parties have complied with the requirements of Local Rule CV-7(h) and that Defendants oppose this motion.

*/s/ Glen E. Summers*
Glen E. Summers

## CERTIFICATE OF SERVICE

Pursuant to Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that a copy of the foregoing document was filed via the Court's CM/ECF system on October 28, 2024, which will send a notification of such filing to all counsel of record.

*/s/ Glen E. Summers*
Glen E. Summers

## CERTIFICATE OF AUTHORIZATION TO SEAL

I hereby certify that pursuant to the protective order in the above-captioned case, this motion contains confidential information. Accordingly, this document is to be filed under seal.

*/s/ Glen E. Summers*
Glen E. Summers