# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

GENERAL ACCESS SOLUTIONS, LTD., §
§
*Plaintiff*, §
§
v. § CIVIL ACTION NO. 2:23-CV-00158-JRG
§
T-MOBILE USA, INC., §
§
*Defendant*, §
§
ERICSSON, INC., §
§
*Intervenor-Defendant*, §
§
NOKIA OF AMERICA CORPORATION., §
§
*Intervenor-Defendant*. §
§

## <u>ORDER ON PRETRIAL MOTIONS, MOTIONS *IN LIMINE*, AND EXHIBITS</u>

The Court held a Pretrial Conference in the above-captioned matter on December 17, 2024, regarding pending pretrial motions and motions *in limine* ("MILs") filed by Plaintiff General Access Solutions, Ltd. ("Plaintiff"), Defendant T-Mobile USA, Inc. ("Defendant"), and Intervenors Ericsson Inc. and Nokia of America, Inc. (collectively, "Intervenors") (Plaintiff, Defendant, and Intervenors collectively, "Parties"). (Dkt. Nos. 93, 94, 95, 96, 97, 98, 99, 144, 145.) This Order memorializes the Court's rulings on the pretrial motions and MILs as announced from the bench and read into the record, including additional instructions that were given to the parties. While this Order summarizes the Court's rulings as announced into the record during the Pretrial Conference, this Order in no way limits or constrains such rulings from the bench. Accordingly, it is hereby **ORDERED** as follows:

1. **Defendants' Motion for Determination of DOE Ineligibility (Dkt. No. 97)**

The motion was **DENIED-IN-PART and CARRIED-IN-PART**. The Court **DENIED** the motion as to prosecution history estoppel. The Court **CARRIED** its ruling on Defendant and Intervenors' motion for determination that Plaintiff's doctrine of equivalents theory is barred by the doctrine of ensnarement. The Court will determine the merits of Defendant and Intervenors' defense under the doctrine of ensnarement after the jury's verdict assuming it does not render this issue moot.

2. **Plaintiff's Motion to Strike Portions of Dr. van der Weide's Expert Reports (Dkt. No. 93)**

The motion was **GRANTED-IN-PART and DENIED-IN-PART**. The Court **GRANTED** the motion as to Dr. van der Weide's opinions based on "fixed networks," finding that those opinions ran contrary to the Court's claim construction. Accordingly, the Court **STRUCK** paragraphs 178-180 of Appx. A to Dr. van der Weide's Rebuttal Report, paragraphs 34-38 of Appx. B to Dr. van der Weide's Rebuttal Report, and paragraphs 182-183 of Appx. C to Dr. van der Weide's Rebuttal Report. The Court **DENIED** striking paragraphs 35-79, 111-155 of Appx. C to Dr. van der Weide's Rebuttal Report. The Court clarified that while Dr. van der Weide is permitted to testify as to what he considers the plain and ordinary meaning of the claim term based on the four corners of the patent and considering extrinsic records, such as the Raze documents, he is not permitted to use prosecution history or any *inter partes* review proceedings. The Court **DENIED** striking Dr. van der Weide's opinions regarding prosecution history, *inter partes* review proceedings, and claim construction, finding that these opinions may be useful in a future related bench trial. However, the Court clarified that Dr. van der Weide is **PRECLUDED** from addressing or testifying regarding these matters **without prior leave of Court**. The Court also **DENIED** striking Dr. van der Weide's opinions about prosecution history estoppel and

ensnarement, finding that these opinions may be useful in a future related bench trial. The Court clarified that neither party shall raise prosecution history estoppel or ensnarement before the jury **without prior leave of Court**. The Court further **DENIED** striking paragraphs 29, 37-38, 49-79 of Appx. C to Dr. van der Weide's Rebuttal Report. The Court clarified, however, that Dr. van der Weide cannot testify that because a component is not specifically called, named, or identified as a "demodulator," it does not act or function like a demodulator and should not be treated as a "demodulator." Finally, in view of Defendants and Intervenors' prior withdrawal, the Court **DENIED AS MOOT** Plaintiff's request to strike Dr. van der Weide's untimely opinions set forth in Section VII of the motion.

**3.      Plaintiff's Motion to Strike Portions of Ms. Johanna Dwyer's Expert Reports (Dkt. No. 94)**

The motion was **GRANTED-IN-PART and DENIED-IN-PART**. The Court **GRANTED** the motion as to Ms. Dwyer's opinions concerning patent essentiality and the number of standard essential patents. The Court found that under Federal Rule of Evidence 403, such opinions are more prejudicial than probative and are also likely to confuse the jury. Accordingly, the Court **STRUCK** paragraphs 48-49, 115-139, 381-382 of Ms. Dwyer's Opening Report. However, the Court **DENIED** the motion as to Ms. Dwyer's opinions regarding keyword searches. The Court clarified that Ms. Dwyer's keyword searches do not go to the issue of infringement or non-infringement, but only relate to the issue of damages. The Court **DENIED** striking Ms. Dwyer's opinions regarding the *inter partes* review proceedings, find that these opinions may be useful in a future related bench trial. However, the Court clarified that Ms. Dwyer is precluded from addressing or testifying regarding these matters **without prior leave of Court**. The Court further **DENIED** striking Ms. Dwyer's opinions about prosecution history estoppel, find that these

opinions may be useful in a future related bench trial, but, again, the Court clarified that neither party shall raise prosecution history estoppel before the jury **without prior leave of Court**.

**4.** **Defendant and Intervenor-Defendants' *Daubert* Motion and Motion to Strike Certain Opinions of Dr. Madisetti (Dkt. No. 99)**

The Court **DENIED AS MOOT** the motion as to portions that related to U.S. Patent No. 7,230,931, which has been dismissed from this case. (Dkt. Nos. 163, 164.) Further, and in view of Defendants and Intervenors' prior withdrawal, the Court **DENIED AS MOOT** Defendants and Intervenors' request to strike Dr. Madisetti's untimely opinions set forth in Section 5 of the motion. Additionally, the Court **DENIED** striking Dr. Madisetti's throughput quantification opinions for the '383 and '477 Patents.

**5.** **Plaintiff's Motion to Strike Portions of Ms. Melissa Bennis's Expert Report (Dkt. No. 95)**

The motion was **GRANTED-IN-PART and DENIED-IN-PART**. The Court **GRANTED** the motion as to Ms. Bennis's opinions relying on Ms. Dwyer's standard essential patent counting. Accordingly, the Court **STRUCK** paragraphs 46-47 and the second to last sentence in paragraph 211 of Ms. Bennis's Rebuttal Report. The Court **DENIED** striking Ms. Bennis's opinions relying on Ms. Dwyer's keyword search. The Court further **DENIED** striking Ms. Bennis's opinions regarding the *inter partes* review proceedings, for the reason that these opinions may be useful in a future related bench trial. However, the Court clarified that Ms. Bennis is **PRECLUDED** from addressing or testifying regarding these matters **without prior leave of Court**.

**6.** **Defendants and Intervenor-Defendants' *Daubert* Motion and Motion to Strike Certain Opinions of David Kennedy (Dkt. No. 96)**

The motion was **CARRIED-IN-PART, DENIED-IN-PART, and DENIED AS MOOT IN PART**. The Court **DENIED** the motion as to Mr. Kennedy's opinions concerning calculations

4

not used in his ultimate damages calculations. The Court clarified that, consistent with the Court's Standing Motion *in Limine* No. 3, the Parties are precluded from introducing total company revenues at trial with no nexus or targeted connection to the products or services in this case. However, the Parties are permitted to introduce total revenues that are directly related to the products or services at issue in this case. The Court **DENIED AS MOOT** those portions that relate to U.S. Patent No. 7,230,931, which has been dismissed from this case. (Dkt. Nos. 163, 164.) The Court **CARRIED** the remaining portions of the motion. As a part thereof, the Court directed the Parties to file a joint notice with the Court by December 23, 2024, addressing the timing and structure of supplemental reports regarding Plaintiff's damages opinions. (Dkt. No. 181.)

**7. Defendant and Intervenor-Defendants' Motion for Summary Judgment Regarding Non-Infringement of the '931 Patent (Dkt. No. 98)**

In view of the Parties' dismissal of the '931 Patent, the motion is **DENIED AS MOOT**. (Dkt. Nos. 163, 164.)

<u>**MOTIONS *IN LIMINE***</u>

In addition to the Court's Standing Order on Motions *In Limine* issued August 11, 2023, it is **ORDERED** that the Parties, their witnesses, and counsel shall not raise, discuss, or argue the following before the venire panel or the jury without prior leave of the Court:

**1.      Plaintiff's Motions *In Limine* (Dkt. No. 144)**

<u>Plaintiff's MIL 1</u>      **Evidence, Testimony, or Argument of the Settlement and License Agreement between General Access and Sprint.**

The Court **CARRIED** this MIL. The Court found that additional briefing on this issue would assist the Court. Accordingly, the Court ordered the Parties to file additional briefs not to exceed eight (8) pages per side on or before December 27, 2024, at 5:00 pm CT. (Dkt. No. 181.)

<u>Plaintiff's MIL 2</u>      **Evidence, Testimony, or Argument Regarding IPRs.**

The Court **GRANTED** this MIL. The Court clarified that to the extent this MIL relates to U.S. Patent No. 7,230,931, which has been dismissed from this case, (Dkt. No. 164), the issue is moot. The Court's order on this MIL relates to IPR proceedings as a whole. The Court further clarified that to the extent Defendant and Intervenors seek to introduce prior statements Plaintiff made before the Patent Trial and Appeal Board as part of an IPR proceeding for the purposes of impeachment, Defendant and Intervenors must seek and obtain prior leave of Court.

<u>Plaintiff's MIL 3</u>      **Evidence, Testimony, or Argument that General Access, Raze, or their Principals Did Not Treat Fairly or Failed to Pay any Creditors, Lawyers, Employees, or Brokers.**

The Court **GRANTED AS AGREED** this MIL. (Dkt. No. 163.)

<u>Plaintiff's MIL 4</u>      **Evidence, Testimony, or Argument of Irrelevant, Confusing, and Unfairly Prejudicial Information Regarding the Prosecution of the '931 Patent.**

The Court **DENIED AS MOOT** this MIL. (Dkt. No. 163.)

<u>Plaintiff's MIL 5</u>  **Evidence, Testimony, or Argument of the Thousands of Patents Related to 5G.**

The Court **GRANT-IN-PART and DENIED-IN-PART** this MIL. Consistent with the Court's prior rulings on other pretrial motions, the Court **GRANTED** this MIL as to any evidence, testimony, or argument regarding standard essential patents. Consistent with the Court's prior rulings on other pretrial motions, the Court **DENIED** this MIL as to evidence, testimony, or argument regarding Ms. Dwyer's keyword searches.

**2.     Defendant and Intervenors' Motions *In Limine* (Dkt. No. 145)**

<u>Defendant and Intervenors' MIL 1</u>  **Request for Case-Specific Ruling as to Admissibility of Evidence Currently Covered by the Court's Standing Motion *In Limine* Number 6.**

The Court **DENIED AS MOOT** this MIL. (Dkt. No. 163.)

<u>Defendant and Intervenors' MIL 2</u>  **Exclude Evidence, Argument, Testimony, or Opinions Regarding the Financial Terms of any License that Neither Side has Identified as a Comparable License.**

The Court **GRANTED** this MIL. The Court clarified that Plaintiff must seek prior leave of Court before addressing any licenses Ms. Bennis identified in Appendix A to her rebuttal report that she did not identify as comparable or provide specific analysis as to.

<u>Defendant and Intervenors' MIL 3</u>  **Preclude Evidence, Argument, Testimony, or Opinions Regarding any Government Investigations, Prosecutions or Convictions of any Party or its Affiliates.**

The Court **GRANTED AS AGREED** this MIL. Specifically, the Parties agreed to the following: No party or witness shall offer any evidence, testimony, argument, or suggestion regarding investigations of any party conducted by government or regulatory agencies, such as the Department of Justice or the European Commission, or any settlements or plea agreements resulting from such investigations, provided that T-Mobile, Ericsson, and Nokia do not open the door to such evidence by, for example, introducing or eliciting evidence, argument, or testimony

about the character for honesty or integrity of T-Mobile, Ericsson, and Nokia. For clarity, statements such that a party "respects patents;" "is a respected technology company;" or that Ericsson/Nokia "intervened to help its customer T-Mobile because they stand behind their products," would not open the door to such evidence. (Dkt. No. 163.)

Defendant and Intervenors' MIL 4      **Exclude Evidence, Argument, Testimony, or Opinions by Mr. Struhsaker of Classified Research.**

The Court **GRANTED-IN-PART and DENIED-PART** this MIL. The Court **GRANTED** the MIL as to material or testimony that goes beyond what Mr. Struhsaker testified to in his deposition. The Court **DENIED** the MIL as to what Mr. Struhsaker testified to in his deposition. The Court is not going to permit Mr. Struhsaker to cut off the deposition's inquiries based on national security or confidentiality and then testify further about those inquiries at trial.

Defendant and Intervenors' MIL 5      **Exclude Evidence, Argument, Testimony, or Opinions Regarding Large Revenue Numbers.**

The Court **DENIED** this MIL. Consistent with the Court's prior rulings on other pretrial motions, the Court clarified that if the revenue numbers are relevant to the products and services at issue in this case, the Court will not exclude those revenue numbers. However, consistent with the Court's Standard *Limine* Orders, the Parties are precluded from introducing evidence, argument, testimony, or opinions regarding the revenue of an entire company with no nexus or targeted connection to those products or services at issue in this case.

# EXHIBIT DISPUTES

The Court ruled on exhibit list issues as reflected in the record. In light of the Court's rulings, the Parties are **ORDERED** to file updated exhibit lists on or before January 20, 2025, which reflect both the Parties' agreements as announced into the record and those specific rulings of the Court on disputed exhibits.

**So ORDERED and SIGNED this 23rd day of December, 2024.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE