**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| GENERAL ACCESS SOLUTIONS, LTD., | § § § | |
| *Plaintiff,* | § § | |
| v. | § § § | CIVIL ACTION NO.  2:23-CV-00158-JRG |
| T-MOBILE USA, INC., | § § | |
| *Defendant,* | § § § | |
| ERICSSON INC., | § § | |
| *Intervenor-Defendant.* | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the Court is the Renewed Rule 50(b) Motion for Judgment as a Matter of Law (the "Motion") filed by Defendant T-Mobile USA, Inc. and Intervenor-Defendant Ericsson Inc. ("Defendants").  (Dkt. No. 264).  In the Motion, Defendants move the Court to enter judgment under Federal Rule of Civil Procedure 50(b) that the patents asserted at trial are invalid for want of written description.  For the following reasons, the Court **DENIES** the Motion.

## I.    BACKGROUND

At trial, Plaintiff General Access Solutions, Ltd. ("GAS") asserted infringement of two (2) patents: U.S. Patent No. 6,947,477 (the "'477 Patent") and U.S. Patent No. 7,099,383 (the "'383 Patent") (collectively, the "Asserted Patents").  (*See* Dkt. No. 250 at 4).  The Asserted Patents share nearly-identical specifications and generally relate to wireless communication systems.  *See generally* '477 Patent; '383 Patent; (Dkt. No. 108 at 1).  GAS accused Defendants of infringing claims 1, 3, and 6 of the '477 Patent and claim 16 of the '383 Patent.  (*Id.*).

Previously, Defendants sought constructions of several claim terms such that they would cover only "fixed" wireless systems and exclude "mobile" wireless systems. (Dkt. No. 108 at 14-15, 18-20).[1] The Court rejected Defendants' arguments in its Claim Construction Order. (*Id.*). At trial, Defendants argued that the Asserted Patents as construed were invalid for lack of written description under 35 U.S.C. § 112. However, the jury found that none of the asserted claims were invalid. (Dkt. No. 250 at 5).

## II.    LEGAL STANDARDS

### A.    Judgment as a Matter of Law

"Judgment as a matter of law is proper when 'a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue.'" *Abraham v. Alpha Chi Omega*, 708 F.3d 614, 620 (5th Cir. 2013) (quoting Fed. R. Civ. P. 50(a)). The non-moving party must identify "substantial evidence" to support its positions. *TGIP, Inc. v. AT&T Corp.*, 527 F. Supp. 2d 561, 569 (E.D. Tex. 2007). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Eli Lilly & Co. v. Aradigm Corp.*, 376 F.3d 1352, 1363 (Fed. Cir. 2004).

"The Fifth Circuit views all evidence in a light most favorable to the verdict and will reverse a jury's verdict only if the evidence points so overwhelmingly in favor of one party that reasonable jurors could not arrive at any contrary conclusion." *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, 880 F.3d 1356, 1361 (Fed. Cir. 2018) (citing *Bagby Elevator Co. v. Schindler Elevator Corp.*, 609 F.3d 768, 773 (5th Cir. 2010)). A court must "resolve all conflicting evidence in favor of [the verdict] and refrain from weighing the evidence or making credibility determinations." *Gomez v. St. Jude Med. Daig. Div. Inc.*, 442 F.3d 919, 937–38 (5th Cir. 2006).

---

[1] The Court's Claim Construction Order addressed further claims that GAS did not assert at trial. (Dkt. No. 108; Dkt No. 250). Those are not discussed.

## III.    ANALYSIS

In the Motion, Defendants argue that the Asserted Patents are invalid because expert opinion testimony from Dr. van der Weide established there is no written description support for mobile (as opposed to fixed) wireless systems.  (Dkt. No. 264 at 1-7).  Notably, Defendants fail to specify which asserted claims they now ask this Court to find invalid over the jury's verdict.  GAS similarly failed to identify specific claims in its briefing.

Accordingly, the Court first examines which asserted claims might fall under the Motion before addressing the merits.

### A.    Claim 3 of the '477 Patent Is outside the Scope of the Motion

Defendants' Motion rests on the premise that no reasonable jury could have found any "adequate written description for a ***mobile*** system."  (Dkt. No. 264 at 1) (emphasis added).  GAS's briefing focuses only on whether a mobile wireless system was adequately disclosed.  (*See generally* Dkt. No. 273; Dkt. No. 283).  During claim construction, the dispute (and corresponding Order) over whether the claimed wireless systems were limited to only "fixed" wireless systems or could additionally cover "mobile" wireless systems concerned only claims 1 and 6 of the '477 Patent and claim 16 of the '383 Patent (the "Remaining Asserted Claims").  (Dkt. No. 108 at 14-15, 18-20).  In other words, the jury's verdict finding claim 3 of the '477 Patent not invalid is not connected with the Motion.

Accordingly, to the extent that Defendants' Motion seeks relief as to claim 3 of the '477 Patent, the Motion is **DENIED**.[2]

---

[2] Even if Defendants' Motion covered claim 3, the Court's analysis in Section B as to the Remaining Asserted Claims, *infra*, would apply to claim 3 with equal force.

**B.      The Jury Was Free To Find the Remaining Asserted Claims Not Invalid**

In its Motion, Defendants contend that "[t]he undisputed evidence at trial demonstrates that the '477 and '383 Patent specifications do not describe a mobile system and, therefore, the asserted claims are invalid for lack of written description." (Dkt. No. 264 at 4). In support, Defendants rely on Dr. van der Weide's testimony that that the Asserted Patents describe only "a fixed wireless access communication system." (*Id.* at 4-5). Defendants make much of the specifications' repeated use of the phrase "fixed wireless" in a variety of contexts and a corresponding lack of reciprocal phrases referring to, for example, "mobile wireless" systems. (*Id.* at 2-5). Defendants argue this distinction, established by Dr. van der Weide at trial, presents unrebutted evidence of invalidity for want of written description. (*Id.*). Lastly, Defendants point to Dr. van der Weide's and Mr. Faxér's respective testimonies regarding the impracticality of a mobile system in the Asserted Patents and the accused products as establishing lack of written description. (*Id. at* 4-5).

In response, GAS argues that Defendants' Motion presumes "that an adequate written description of the asserted claims necessarily requires explicit disclosure of specific embodiments that are mobile wireless communication systems." (Dkt. No. 279 at 2). GAS correctly asserts that the written description requirement "does not demand any particular form of disclosure." (Dkt. No. 273 at 2) (quoting *Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1352 (Fed. Cir. 2010)). Indeed, the written description requirement does not require that the Asserted Patents express recitations of mobile wireless systems as Defendants' briefing appears to suggest. (*See* Dkt. No. 264 at 2-5); (Dkt. No. 279 at 1-4). Sufficient written description requires that the specification "must demonstrate possession" of the claimed invention, not word-for-word recitations of any and every covered embodiment. *Ariad* at 1352.

Regardless, GAS also argues that testimony from several witnesses established that the Asserted Patents' disclosures are "equally applicable to fixed and mobile systems" such that the

4

jury could conclude that the inventors had the claimed subject matter within their possession. (Dkt. No. 273 at 3). The Court agrees. For instance, GAS highlights testimony from its expert, Dr. Madisetti, who read the following passage from the common specification onto the record: "the exemplary fixed wireless broadband systems use a group of transceiver base stations to cover a region in the *same manner as the base stations of a cellular* [i.e., mobile] *phone system*." (*Id.*) (quoting Dkt. No. 290 at 1174:10-19) (emphasis added). GAS also points to Dr. Madisetti's testimony that the Asserted Patents' description of changing channel conditions was "particularly applicable to 'mobile wireless networks.'" (Dkt No. 273 at 3 (quoting Dkt. No. 290 at 1177:9-20)). This stands in contrast to Defendants' arguments that such changing conditions were criticized as impractical at trial without dispute. (*See* Dkt. No. 264 at 4-5).

Defendants reject Dr. Madisetti's testimony as insufficient and irrelevant. (Dkt. No. 264 at 6; Dkt. No. 279 at 2-6). Neither argument is persuasive. As to sufficiency, Defendants insist that the disclosure describing that the disclosed base stations may operate in the same manner as those in cellular phone systems actually cuts against the conclusion that mobile wireless systems are disclosed. (Dkt. No. 264 at 6). Defendants argue that such a disclosure "suggests that the inventors of the patents were aware of mobile wireless cellular systems and chose not to disclose (or simply could not describe) how the invention in the patents could be utilized in such systems." (*Id.*). However, Defendants never articulate why a person of ordinary skill in the art ("POSITA") would be unable to conclude that the inventors were in possession of the claimed invention in light of Dr. Madisetti's testimony. (*See, e.g.*, Dkt. No. 290 at 1177:4-20) (The '477 Patent discloses "that as channel conditions change*, which is typical in mobile wireless networks*, changes to values 318 are calculated and stored.") (emphasis added); *see also Ariad* at 1352 (no requirement for word-for-word recitations).

5

As to relevance, Defendants suggest that the Court should disregard the testimony GAS cites because in certain testimony, Dr. Madisetti was answering questions that expressly mentioned topics such as enablement rather than written description.  (Dkt. No. 279 at 2-3).  However, GAS responds with applicable United States Supreme Court precedent:  "[I]n entertaining a motion for judgment as a matter of law, the court should review all of the evidence in the record."  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); (Dkt. No. 283 at 2) (citing same).  Regardless of the preceding question, the jury was free to rely on the entirety of the record, including Dr. Madisetti's testimony, in rendering their verdict.  The Court is likewise free to consider the same in deciding the Motion.

Accordingly, the Court is persuaded that the jury had sufficient evidence to conclude that a POSITA would have understood the inventors of the Asserted Patents "actually invented— [were] in possession of—the claimed subject matter."  *Ariad* at 1349.  The jury was entitled to weigh the competing testimony of Dr. van der Weide and Dr. Madisetti along with that of other witnesses discussed in the Parties' briefing.  In sum, Defendants failed to demonstrate, by clear and convincing evidence, that the record points so overwhelmingly in their favor that the jury's verdict should be set aside.  The Court finds that Judgment as a Matter of Law of lack of written description under 35 U.S.C. § 112(a) is not warranted under these circumstances.

## IV.    CONCLUSION

For the foregoing reasons, the Court finds that the Motion (Dkt. No. 264) should be and hereby is **DENIED**.

**So ORDERED and SIGNED this 25th day of March, 2026.**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE